EMMA LUEVANO (SBN 198421)
eyl@msk.com
GABRIEL HEMPHILL (SBN 338222)
gch@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
MARVEL FILM PRODUCTIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL SANDVIK, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability company; CAST AND CREW PRODUCTION SERVICES, a California limited liability company; and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:23-cv-01623<br><br>**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**<br><br>(Removed from LASC Case No. 23STCV02111)<br><br>(Federal Question Jurisdiction, 28 U.S.C. §§ 1331, 1441)<br><br>[*Declarations of Emma Luevano and Krysten Brennan; Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1-1; and Civil Cover Sheet, filed concurrently herewith*]<br><br>File Date: January 31, 2023<br>　Trial Date: Not Set |

Mitchell
Silberberg &
Knupp LLP

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

# TABLE OF CONTENTS

**Page**

Federal Question Jurisdiction ................................................................1

Removal Is Timely ................................................................3

Preemption by the Labor Management Relations Act ................................................3

Collective Bargaining Agreements at Issue ................................................5

First Cause of Action for Disability Discrimination in Violation of FEHA .............7

Second Cause of Action for Failure to Prevent Discrimination in Violation of FEHA ................................................................11

Third Cause of Action for Failure to Engage in the ................................................11

Interactive Process in Violation of FEHA................................................11

Fourth Cause of Action for Failure to Provide Reasonable Accommodations in Violation of FEHA ................................................12

Fifth Cause of Action for Retaliation in Violation of FEHA ................................12

Ninth Cause of Action for Wrongful Termination in Violation of Public Policy...13

Seventh Cause of Action for Failure to Pay Overtime ................................13

Sixth Cause of Action for Failure to Pay Earned Wages ................................16

Eighth Cause of Action for Waiting Time Penalties................................16

Supplemental Jurisdiction................................................................17

Venue ................................................................18

Mitchell
Silberberg &
Knupp LLP

i

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aguilera v. Pirelli Sandvik Tire Corp.*,
   223 F.3d 1010 (9th Cir. 2000) ............................................................................. 4, 7

*Allis-Chalmers Corp. v. Leuck*,
   471 U.S. 202 (1985) ................................................................................................ 15

*Audette v. Int'l Longshoremen's & Warehousemen's Union*,
   195 F.3d 1107 (9th Cir. 1999) ...................................................... 7, 9, 10, 11, 12, 13

*Bale v. General Tel. Co.*,
   795 F.2d 775 (9th Cir. 1986) .................................................................................. 17

*Bartlett v. All Am. Asphalt*,
   2020 WL 6118818 (C.D. Cal. Oct. 16, 2020) ......................................................... 16

*Brady v. Brown*,
   51 F.3d 810 (9th Cir. 1995) .................................................................................... 17

*Buckner v. Universal Television, LLC*,
   2017 WL 5956678 (C.D. Cal. Nov. 30, 2017) ................................................... 14, 15

*Chissie v. Winco Foods, LLC*,
   No. 2:09-cv-02915, 2010 WL 580987 (E.D. Cal. Feb. 12, 2010) ........................... 8

*Curtis v. Irwin Indus.*,
   913 F.3d 1146 (9th Cir. 2019) ....................................................................... 14, 15, 16

*Firestone v. S. Cal. Gas Co.*,
   281 F.3d 801 (9th Cir. 2002) .................................................................................... 4

*Flowers v. Los Angeles Cty. Metro. Transportation Auth.*,
   243 Cal.App.4th 66 (2015) ...................................................................................... 14

*Gray v. Marathon Petroleum Logistics Servs., LLC*,
   2021 WL 129144 (C.D. Cal. Jan. 12, 2021) ........................................................... 15

*Hall v. Live Nation Worldwide, Inc.*,
   146 F. Supp. 3d 1187 (C.D. Cal. 2015) ................................................................... 15

Mitchell
Silberberg &
Knupp LLP

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Harper v. Little Caesar Enterprises, Inc.*,
Case No. 1801564, 2018 WL 5984841 (C.D. Cal. Nov. 14, 2018) ........................ 3

*Hayden v. Reickerd*,
957 F.2d 1506 (9th Cir. 1992) ................................................................................ 7

*Hyles v. Mensing*,
849 F.2d 1213 (9th Cir. 1988) ............................................................................. 4, 5

*Landy v. Pettigrew Crewing, Inc.*,
2019 WL 6245525 (C.D. Cal. Nov. 22, 2019) ...................................................... 16

*Lingle v. Norge Div. of Magic Chef, Inc.*,
486 U.S. 399 (1988) ................................................................................................ 5

*Loaiza v. Kinkisharyo Int'l, LLC*
(C.D. Cal. Oct. 6, 2020) ........................................................................................ 14

*Loggins v. Kaiser Permanente Internat.*,
151 Cal.App.4th 1102 (2007) ........................................................................... 12, 13

*Madison v. Motion Picture Set Painters*,
132 F. Supp. 2d 1244 (C.D. Cal. 2000) ................................................................. 9

*Marquez v. Toll Glob. Forwarding*,
804 F. App'x 679 (9th Cir. 2020) ..................................................................... 14, 15

*McGowen v. Nestle Food Co.*,
2007 WL 173768 (E.D. Cal. Jan. 19, 2007) ........................................................... 9

*Mixon v. Fair Emp't & Hous. Comm.*,
192 Cal.App.3d 1306 (1987) ............................................................................. 9, 11

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999) ................................................................................................ 3

*Newberry v. Pac. Racing Ass'n*,
854 F.2d 1142 (9th Cir. 1988) ................................................................................ 5

*Proctor v. Vishay Intertechnology Inc.*,
584 F.3d 1208 (9th Cir. 2009) ................................................................................ 3

Mitchell
Silberberg &
Knupp LLP

iii

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Saxe v. Cast & Crew Payroll, LLC*,
2015 WL 4648041 (C.D. Cal. Aug. 4, 2015) ........................................................ 4

*Sheeran v. Gen. Elec. Co.*,
593 F.2d 93 (9th Cir. 1979) ................................................................................ 4

*Stallcop v. Kaiser Found. Hosps.*,
820 F.2d 1044 (9th Cir. 1987) ............................................................................ 5

*Travis Taylor v. NBC W., LLC*,
2020 WL 8268197 (C.D. Cal. Jan. 2, 2020) ...................................................... 15

*Vranish v. Exxon Mobil Corp.*,
223 Cal.App.4th 103 (2014) .............................................................................. 14

*Young v. Anthony's Fish Grottos, Inc.*,
830 F.2d 993 (9th Cir. 1987) .............................................................................. 7

**STATUTES**

28 U.S.C.
§ 1331 ................................................................................................................... 1
§ 1367 ................................................................................................................. 17
§ 1441 ........................................................................................................ 1, 3, 18
§ 1441(a) .............................................................................................................. 1
§ 1441(c) ...................................................................................................... 1, 17
§ 1446 ................................................................................................................... 1
§ 1446(a) .............................................................................................................. 2
§ 1446(b) .............................................................................................................. 3
§ 1446(d) ............................................................................................................ 18

29 U.S.C. § 185(a) .................................................................................................. 4

8 Cal. Code Regs. § 11120(3)(J) ......................................................................... 14

California Labor Code
§§ 201, 202, and 203 ......................................................................................... 16
§ 204 ................................................................................................................... 16
§ 510 ............................................................................................................. 13, 14

Mitchell
Silberberg &
Knupp LLP

iv

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

§ 514 ......................................................................................................... 14, 15

§ 1182.12 .......................................................................................................... 15

Fair Employment and Housing Act ........................................................... 1, 2, 7, 9, 11

Labor Management Relations Act ("LMRA") ................................................ 6, 14, 17

Labor Management Relations Act § 301(a),
29 U.S.C. § 141, *et seq*. .......................1, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 17

Mitchell
Silberberg &
Knupp LLP

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF MEL SANDVIK AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on this date, based on the allegations of Plaintiff Mel Sandvik's ("Plaintiff") Complaint, Defendant Marvel Film Productions LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California Western Division pursuant to 28 U.S.C. Sections 1331, 1441, and 1446.  Defendant's removal of this action is proper for the reasons set forth below:

### Federal Question Jurisdiction

1.     Jurisdiction:  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, as it is an action arising under federal law.  Specifically, as set forth in more detail below, this action is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 141, *et seq*., because it requires the interpretation of one or more collective bargaining agreements governing the terms and conditions of Plaintiff's employment.  This action therefore may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(a) and (c).

2.     On or about January 31, 2023, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled, *Mel Sandvik v. Marvel Film Productions, LLC; Cast and Crew Production Services; and DOES 1 through 25*, Case No. 23STCV02111 (the "State Court Action").

3.     Plaintiff's Complaint alleges the following causes of action against Defendant: (1) Disability Discrimination in Violation of Government Code § 12940, *et seq*.; (2) Failure to Prevent Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Failure to Provide Reasonable Accommodations in

Mitchell
Silberberg &
Knupp LLP

1

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

Violation of FEHA; (5) Retaliation in Violation of FEHA; (6) Failure to Pay Earned Wages; (7) Failure to Pay Overtime; (8) Waiting Time Penalties; and (9) Wrongful Termination in Violation of Public Policy.

4.      Copies of all Process, Pleadings and Orders:  Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, orders, and other papers or exhibits of every kind served upon and/or available to Defendant are attached to this Notice of Removal, as follows:

- **Exhibit 1:**  Complaint filed by Plaintiff on January 31, 2023, which was personally served on Defendant on February 2, 2023.

- **Exhibit 2:**  Civil Cover Sheet, Addendum and Statement of Location filed by Plaintiff on January 31, 2023, which was personally served on Defendant on February 2, 2023.

- **Exhibit 3:**  All other documents personally served on Defendant on February 2, 2023, as follows: (a) Notice of Case Assignment – Unlimited Civil Case; (b) Voluntary Efficient Litigation Stipulations; (c) Alternative Dispute Resolution ("ADR") Information Packet; and (d) First Amended General Order.

- **Exhibit 4:**  Notice of Case Management Conference filed on February 7, 2023, which was not served on Defendant and instead was obtained from the state court's docket.

- **Exhibit 5:**  Summons filed by Plaintiff on February 1, 2023, which was personally served on Defendant on February 2, 2023.

- **Exhibit 6:**  Notice of Order to Show Cause Hearing Re: Failure to File Proof of Service for Plaintiff dated February 7, 2023, which was obtained by Defendant from the state court's docket.

- **Exhibit 7:**  Request for Dismissal of Defendant Cast and Crew Production Services (without prejudice) filed by Plaintiff on February 28, 2023, entered by the state court on March 1, 2023, and obtained as a courtesy from Plaintiff's counsel and from the state court's docket.

Mitchell
Silberberg &
Knupp LLP

2

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

- **Exhibit 8:** Defendant's Answer to Plaintiff's Unverified Complaint, filed on March 2, 2023 and served on Plaintiff on March 2, 2023. *See* Declaration of Emma Luevano ("Luevano Decl."), at ¶¶ 2-9.

5. Defendant was served with the Summons and Complaint on February 2, 2023. Defendant is informed and believes, and thereon alleges, that no "Doe" defendants have been served with a Summons or the Complaint. *See* Luevano Decl. ¶¶ 2, 6, 10. In addition, Plaintiff filed a Request for Dismissal (without prejudice) as to Defendant Cast and Crew Production Services on February 28, 2023, which was entered by the state court on March 1, 2023. *See id.* at ¶ 8. Accordingly, all named and served Defendants have consented to and joined in this Notice of Removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [to satisfy requirement that all served defendants join removal.]"). This action, therefore, may be removed by Defendant to federal court pursuant to 28 U.S.C. Section 1441.

### Removal Is Timely

6. This Notice of Removal is being filed within thirty (30) days after service on Defendant of the Complaint (February 2, 2023) and, therefore, is timely pursuant to 28 U.S.C. Section 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999); *Harper v. Little Caesar Enterprises, Inc.*, Case No. 1801564, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018).

### Preemption by the Labor Management Relations Act

7. Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district

Mitchell Silberberg & Knupp LLP

3

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

8. As applied, Section 301(a) wholly preempts any and all purported state law causes of action by an employee concerning a dispute over the terms and conditions of employment if that employee's employment is governed by a collective bargaining agreement and the claim requires interpretation or application of the terms of the collective bargaining agreement. *See, e.g., Saxe v. Cast & Crew Payroll, LLC,* 2015 WL 4648041, *6, fn. 8 (C.D. Cal. Aug. 4, 2015) ("[a]ll that is required for jurisdiction to be proper under § 301(a) is that the suit be based on an alleged breach of contract between an employer and a labor organization and that the resolution of the lawsuit be focused upon and governed by the terms of the contract") (citations omitted); *Firestone v. S. Cal. Gas Co.,* 281 F.3d 801, 802 (9th Cir. 2002) ("a state law claim is preempted [by Section 301] if it necessarily requires the court to interpret an existing provision of a collective bargaining agreement ('CBA') that 'can reasonably be said to be relevant to the resolution of the dispute.' [Citation]"); *Aguilera v. Pirelli Sandvik Tire Corp.,* 223 F.3d 1010, 1014-17 (9th Cir. 2000) (plaintiffs' breach of contract and fraud claims were preempted because they "require[d] an interpretation of the terms of the…CBA"); *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988) (even if no federal question appears on the face of the complaint, removal is proper because state action was really a claim for breach of the collective bargaining agreement and thus preempted by Section 301); *Sheeran v. Gen. Elec. Co.,* 593 F.2d 93, 96-97 (9th Cir. 1979) ("Appellants argue…that in their complaint they asserted no basis for § 301(a) jurisdiction [and] that they are not claiming a violation of any collective bargaining agreement as a basis for their claims…. It is undisputed, however, that the rights and

Mitchell
Silberberg &
Knupp LLP

4

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

benefits sought by 521 union employees were the subject of collective bargaining…. We conclude that the action was properly removed.").

9. Pursuant to the "artful pleading" doctrine, a claim arises under and is governed by Section 301(a) if the nature of the claim depends upon or requires interpretation of a CBA, even if the plaintiff omits reference to the CBA in his lawsuit or purports to base his claims on state law. *Hyles, supra*, 849 F.2d at 1216 (even if no federal question appears on the face of the complaint, removal is proper because "[t]o determine whether section 301 preempts a state tort claim, we do not look to how the complaint is cast. Rather, we inquire whether 'the claim can be resolved only by referring to the terms of the CBA.'"); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("Stallcop's complaint does not reveal that her employment is governed by a collective bargaining agreement, but this is not dispositive under the 'artful pleading' doctrine. Under this doctrine, the court may investigate the true nature of the plaintiff's allegations; if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted.").

10. The relevant inquiry in determining preemption is not whether the challenged action is specifically covered by the CBA, but whether the Court must interpret the labor agreement in ruling on the claim. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). If the Court must interpret the CBA to make its decision, the claim is preempted, regardless of whether the action is actually found to be covered under the CBA. *See Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146-47 (9th Cir. 1988).

### Collective Bargaining Agreements at Issue

11. Plaintiff was employed by Defendant in the position of "Assistant Production Accountant." At all times relevant to the Complaint, Defendant was an employer employing employees in an industry affecting commerce, as defined by

Mitchell
Silberberg &
Knupp LLP

5

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

Section 301 of the LMRA, and Plaintiff was an "employee" of Defendant, as that term is defined by the LMRA.

12.    The International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada ("IATSE"), and Script Supervisors/Continuity, Coordinators, Accountants & Allied Production Specialists Guild, Local 871 ("Local 871") of the IATSE (collectively, "the Union") is a "labor organization" as defined by the LMRA.  At all times relevant to the Complaint, the Union represented Plaintiff, and the IATSE was the exclusive bargaining representative for Plaintiff during his employment.  *See* Declaration of Krysten A. Brennan ("Brennan Decl."), ¶ 3.

13.    At all times relevant to the Complaint, the applicable collective bargaining agreements between Defendant and the Union were:  (1) the "Producer-I.A.T.S.E. and M.P.T.A.A.C. Basic Agreement of 2018" for the term August 1, 2018 to July 31, 2021 (the "Basic Agreement"); (2) the "2021 I.A.T.S.E. Basic Agreement General Memorandum of Agreement" for the term of August 1, 2021 to July 31, 2024 (the "2021 Basic Agreement MOA"); and (3) the "Agreement of August 1, 2018 Between  Producer and International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada and Script Supervisors/Continuity, Coordinators, Accountants & Allied Production Specialists Guild, Local #871 for the term of August 1, 2018 to July 31, 2021 (the "Local 871 Agreement").  *See* Brennan Decl. ¶ 7.  True and correct copies of the Basic Agreement, the 2021 Basic Agreement MOA, and the Local 871 Agreement are attached hereto, respectively, as Exhibits A to C to the Declaration of Krysten A. Brennan.  The Basic Agreement, the 2021 Basic Agreement MOA, and the Local 871 Agreement will be referred to collectively herein as the "Agreements." The Agreements are "contracts" between a "labor organization" and an "employer" as those terms are defined by Section 301(a) of the LMRA.

Mitchell Silberberg & Knupp LLP

6

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

14.    As a matter of federal law, at all times relevant to the Complaint, the Agreements were the exclusive contracts governing the terms and conditions of Plaintiff's employment.  *See, e.g., Aguilera, supra*, 223 F.3d at 1015; *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-98 (9th Cir. 1987).

15.    Although Plaintiff pleads his claims as state law claims, Plaintiff's First Cause of Action for Disability Discrimination in Violation of Government Code §12940, Second Cause of Action for Failure to Prevent Discrimination in Violation of FEHA, Third Cause of Action for Failure to Engage in the Interactive Process, Fourth Cause of Action for Failure to Provide Reasonable Accommodations in Violation of FEHA, Fifth Cause of Action for Retaliation in Violation of FEHA, Sixth Cause of Action for Failure to Pay Earned Wages, Seventh Cause of Action for Failure to Pay Overtime, Eighth Cause of Action Waiting Time Penalties, and Ninth Cause of Action for Wrongful Termination in Violation of Public Policy, each depend upon or require interpretation of the Agreements.  Each claim is therefore preempted by Section 301 of the LMRA.  To the extent the Court finds that any of the foregoing claims are not preempted, such claims are subject to supplemental jurisdiction.

**First Cause of Action for Disability Discrimination in Violation of FEHA**

16.    Plaintiff's First Cause of Action for Disability Discrimination in Violation of FEHA is preempted by Section 301 of the LMRA because the adjudication of this claim requires interpretation of the Agreements.

17.    The Ninth Circuit has held that state law claims may be preempted by Section 301 of the LMRA if the claims are either "based upon" a collective bargaining agreement or "dependent upon an interpretation of the agreement." *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1992); *see also Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112-13 (9th Cir. 1999).

18.    Plaintiff's Disability Discrimination claim relies on allegations that: (1) on October 19, 2022, Defendant purportedly "terminated Plaintiff's

Mitchell
Silberberg &
Knupp LLP

7

employment…"; and (2) Defendant purportedly "terminated Plaintiff's employment because of his disability…." Complaint, ¶¶ 16-17, 25.

19.   In order to adjudicate this cause of action, the Court must determine whether Defendant unlawfully terminated Plaintiff. This will require the Court to interpret the Agreements.

20.   *First*, the Court must interpret the Agreements to determine whether Plaintiff experienced a "termination" as alleged. The Basic Agreement provides that "[t]he guaranteed length of employment shall be daily or weekly." Brennan Decl. at Ex. A, Article XLIV, page 107 of Ex. A. Furthermore, "[a]n employee may be replaced following completion of the guaranteed period of employment." *See id*. At the end of Plaintiff's weekly employment, Plaintiff was no longer an employee of Defendant and it was entirely within Defendant's discretion to decide whether it wanted to rehire Plaintiff for another day or week, or to hire someone else in his place. Thus, the Court must interpret the Agreements in order to determine whether Plaintiff was "terminated" at all or whether his fixed-term simply expired and was not renewed. As a result, Plaintiff's disability discrimination claim is preempted. *See Chissie v. Winco Foods, LLC*, No. 2:09-cv-02915, 2010 WL 580987, *8-9 (E.D. Cal. Feb. 12, 2010) ("The Court, however, will undoubtedly need to interpret and construe the CBA to ascertain the parties' expectations both in terms of the conditions of employment and the nature and extent of any necessary discipline…. Adjudication of Plaintiff's various state law claims hinges largely on the reasonableness of the Defendants' actions towards the Plaintiff. Such reasonableness, in turn, may depend on the extent to which Defendants abided by the terms of the CBA.").[1]

---

[1] The Local 871 Agreement separately sets forth in its Seniority section the processes required to remove an employee from the producer's hiring roster, *i.e.*, the process to prevent an employee from being rehired on the production. *See* Brennan Decl. at Ex. C, Paragraph 68, pages 75-80 of Ex. C. The Court also will need to interpret Paragraph 68 of the Local 871 Agreement to determine if Plaintiff in fact was "terminated."

Mitchell
Silberberg &
Knupp LLP

8

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

21.     *Second*, assuming Plaintiff can establish a termination under the applicable CBAs, the Court must then interpret the Agreements to determine whether Defendant had a legitimate business reason for terminating Plaintiff's employment. When the resolution of a discrimination claim is contingent on a defendant's offer of a legitimate and nonretaliatory reason for its decision under a CBA, the claim is preempted by Section 301 of the LMRA. *See Audette, supra*, 195 F.3d at 1113 (holding discrimination claim preempted by Section 301 because defendant's "legitimate nondiscriminatory reason" requires interpretation of the collective bargaining agreement); *McGowen v. Nestle Food Co.*, 2007 WL 173768, *4 (E.D. Cal. Jan. 19, 2007) ("Analyzing whether Defendant's actions were legitimate or pretextual, and determining whether any inference can be drawn from Defendant's actions, will involve a fairly detailed analysis of the CBA.  This, of course, leads to Section 301 preemption."); *Madison v. Motion Picture Set Painters*, 132 F. Supp. 2d 1244, 1253-54 (C.D. Cal. 2000) ("Arguably, Madison's prima facie case will require resort to the CBA…. Even if this is not the case, it is almost certain that the Union's articulated non-discriminatory reason for the action it took will require resort to the CBA….").

22.     Under the *McDonnell Douglas* legal framework used for claims under FEHA, provided Plaintiff makes his initial showing that discrimination was a contributing factor in his alleged "termination," Defendant can defend the claim by showing that it would have taken the same action for "legitimate, independent reasons." *Mixon v. Fair Emp't & Hous. Comm.*, 192 Cal.App.3d 1306, 1317 (1987). Defendant will assert a legitimate, independent reason for not renewing Plaintiff's employment as an Assistant Production Accountant in that Defendant complied with the Agreements, including provisions relating to "Preference in Employment"[2] and

---

[2] **IX. Preference of Employment**

    (a) . . . preference in employment shall be given to persons having previous work experience in the crafts and classifications of work subject to this Agreement obtained while employed by Producers who are part of the

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

Mitchell Silberberg & Knupp LLP

"Seniority"[3], and that its decisions were reasonable in light of the terms of the Agreements.

23.    For example, Defendant's reasons for not renewing Plaintiff will require interpretation of whether Plaintiff was "qualified" or entitled to "preference in employment" under the terms of the CBA.  The determination as to whether Plaintiff was "qualified" to be hired from the Roster cannot be made without interpreting the Agreements.[4]  *See, e.g., Audette, supra*, 195 F.3d at 1113

---

multiemployer bargaining unit in Los Angeles County or outside such County if hired by such Producer in the County to perform such services.

(b) The definite terms of such preference or seniority shall be as set forth in the written Agreements between the Producers who are bound to this Agreement as part of the multi-employer bargaining unit and the IATSE and the respective West Coast Studio Locals.

Brennan Decl. at Ex. A (Basic Agreement), pages 11-12 of Ex. A.

[3] **68. Seniority**

…
(b) Hiring, Layoff and Rehire
The Producer shall give preference of employment to qualified available persons within the job classifications covered by this Agreement…. Such preference of employment in hiring and rehiring shall be given in the said job classifications to qualified persons as follows: First, to such qualified persons in Industry Group 1; in the event there are insufficient available qualified persons in Industry Group 1 to meet the employment needs of Producer in said classifications, Producer may secure employees from any source.
…
… Producer shall have complete freedom of selection from among such persons for the purpose of hiring, layoff and rehiring.
…
In administering hiring, layoff and rehiring, the Producer, upon giving advance notice to the Local Union, may (1) call, retain or recall out of Industry Experience status an employee because of his special studio experience, skill and qualifications for the duties and/or equipment necessary for operation; or (2) call or recall, and thereafter retain, out of Industry Experience status an employee because there are insufficient qualified available persons on the Industry Experience Roster as above provided.

Brennan Decl. at Ex. C (Local 871 Agreement), pages 75-80 of Ex. C.

[4] Here, the determination of whether Plaintiff was qualified for the position he sought (and therefore, whether Defendant improperly "terminated" him) requires interpretation of the Agreements, including the "Preference of Employment" and "Seniority" provision in the Basic Agreement and Local 871 Agreement.  These provisions detail how Defendant is to give

Mitchell Silberberg & Knupp LLP

10

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

("[R]esolution of the [state] discrimination and retaliation claim turns on defendants' offer of a 'legitimate nondiscriminatory reason' requiring interpretation of the collective bargaining agreement…. Accordingly, this claim is preempted.").

24. Based on the foregoing, Plaintiff's Disability Discrimination in Violation of FEHA claim is "inextricably intertwined" with the Agreements and is therefore preempted by Section 301 of the LMRA.  *See Audette, supra*, 195 F.3d at 1113.

### Second Cause of Action for Failure to Prevent Discrimination in Violation of FEHA

25. Plaintiff's Second Cause of Action for Failure to Prevent Discrimination also is preempted.  In support of his claim, Plaintiff alleges the same conduct as his disability discrimination claim.  *See* Complaint, ¶¶ 16-17, 25, 31.

26. As previously noted, FEHA discrimination claims are analyzed under the *McDonnell-Douglas* legal framework.  Under this analysis, "(1) [t]he complainant must establish a prima facie case of discrimination; (2) the employer must offer a legitimate reason for his actions; (3) the complainant must prove that this reason was a pretext to mask an illegal motive." *Mixon, supra,* 192 Cal.App.3d at 1306, 1317. Here, for the same reasons discussed above in Paragraphs 16-24, resolution of Plaintiff's Failure to Prevent Discrimination claim also will require the Court to interpret the terms of the Agreements, and it is therefore preempted by Section 301 of the LMRA.

### Third Cause of Action for Failure to Engage in the Interactive Process in Violation of FEHA

27. Plaintiff's Third Cause of Action for Failure to Engage in the Interactive Process also is preempted.  In Paragraph 38 of the Complaint, Plaintiff alleges the same conduct in support of this claim as his disability discrimination

Mitchell Silberberg & Knupp LLP

"preference of employment" to "qualified" persons.  *See* Brennan Decl. at Ex. A (Basic Agreement), pages 11-12 of Ex. A; Ex. C (Local 871 Agreement), pages 75-80 of Ex. C.

11

claim, *i.e.*, that his employment was "terminated."  *See Audette, supra*, 195 F.3d at 1113.

28.   Accordingly, for the same reasons discussed above in Paragraphs 16-26, resolution of Plaintiff's failure to engage claim will require the Court to interpret the terms of the Agreements, and it is therefore preempted by Section 301 of the LMRA.  *See id*.

<b><u>Fourth Cause of Action for Failure to Provide</u></b>

<b><u>Reasonable Accommodations in Violation of FEHA</u></b>

29.   Plaintiff's Fourth Cause of Action for Failure to Provide Reasonable Accommodations also is preempted by Section 301 of the LMRA.  In Paragraph 45 of the Complaint, Plaintiff alleges the same conduct in support of this claim as his disability discrimination claim, *i.e.*, that his employment was "terminated."  *See Audette, supra*, 195 F.3d at 1113.

30.   Accordingly, for the same reasons discussed above in Paragraphs 16-28, resolution of Plaintiff's discrimination claim will require the Court to interpret the terms of the Agreements, and it is therefore preempted by Section 301 of the LMRA.  *See id*.

<b><u>Fifth Cause of Action for Retaliation in Violation of FEHA</u></b>

31.   Plaintiff's Fifth Cause of Action for Retaliation also is preempted by Section 301 of the LMRA.  In Paragraph 52 of the Complaint, Plaintiff alleges the same conduct in support of this claim as his disability discrimination claim, *i.e.*, that his employment was "terminated."  *See Audette, supra*, 195 F.3d at 1113.

32.   Further, just like with the underlying discrimination claim, Defendant may defend against this retaliation claim by offering a legitimate non-retaliatory reason for the alleged illegal conduct.  *See Loggins, supra*, 151 Cal.App.4th at 1108-09.  Accordingly, for the same reasons discussed above in Paragraphs 16-24, resolution of Plaintiff's retaliation claim is "inextricably intertwined" with the Agreements, and it is therefore preempted by Section 301 of the LMRA.  *See id*.

Mitchell Silberberg & Knupp LLP

12

**Ninth Cause of Action for Wrongful Termination**

**in Violation of Public Policy**

33.    Plaintiff's Ninth Cause of Action for Wrongful Termination in Violation of Public Policy also is preempted by Section 301 of the LMRA.  In Paragraph 76 of the Complaint, Plaintiff alleges the same conduct in support of this claim as his disability discrimination claim, *i.e.*, that his employment was "terminated."  *See Audette, supra*, 195 F.3d at 1113.

34.    In addition, Defendant may defend against this wrongful termination claim by offering a legitimate non-discriminatory and non-retaliatory reason for the alleged illegal conduct.  *See Loggins, supra*, 151 Cal.App.4th at 1108-09.  Accordingly, for the same reasons discussed above in Paragraphs 16-32, resolution of Plaintiff's wrongful termination claim is "inextricably intertwined" with the Agreements, and it is therefore preempted by Section 301 of the LMRA.  *See Audette, supra*, 195 F.3d at 1113.

**Seventh Cause of Action for Failure to Pay Overtime**

35.    Plaintiff's Seventh Cause of Action for Failure to Pay Overtime also is preempted by Section 301 of the LMRA.  In his Seventh Cause of Action, Plaintiff alleges that he "was not exempt from the employment laws and regulations of California and [was] required to work more than eight hours in one day and/or more than forty hours in one week" and that "Defendants failed and refused to pay Plaintiff the overtime compensation required by California laws and regulations."  Complaint, ¶¶ 66-67.

36.    Plaintiff's Seventh Cause of Action is preempted by Section 301 of the LMRA because this overtime claim arises under the Agreements and adjudication of such requires the application of the Agreements.  Indeed, although Plaintiff avers that he was not exempt from California overtime laws and regulations, Plaintiff's overtime claim is exempt from the requirements of California Labor Code Section 510.

Mitchell
Silberberg &
Knupp LLP

13

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

37.     First, under California Labor Code Section 514, Section 510's overtime requirements "do not apply to an employee covered by a collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."[5]  *See also,* 8 Cal. Code Regs. § 11120(3)(J) (Wage Order 12 stating the same).

38.     Under Ninth Circuit precedence, when Section 514 applies, ***any claim for overtime is preempted*** because the right to overtime "exists solely as a result of the CBA."  *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1151 (9th Cir. 2019).  In *Curtis*, the plaintiff claimed his employer failed to pay him overtime for 12 off-duty hours under Labor Code Section 510.  *See Curtis*, *supra* at 1146.  Because Section 514 applied, Section 510's "default definition of overtime and overtime rates" "d[id] not apply" and the plaintiff's "right to overtime exist[ed] solely as a result of the CBA, and therefore [wa]s preempted under § 301."  *Id.* at 1153-54; *see also Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 679-80 (9th Cir. 2020) (same and rejecting challenge to *Curtis*); *Loaiza v. Kinkisharyo Int'l, LLC*, at *4 (C.D. Cal. Oct. 6, 2020) (explaining *Curtis* clarified that application of Section 514 makes overtime claim arise under CBA and rejecting attempts to distinguish *Curtis*); *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *2 (C.D. Cal. Nov. 30, 2017) ("The provisions in the CBAs meet the exceptions articulated in section 514 and the Wage Orders, and state law does not govern Plaintiff's overtime rights. … Therefore, Plaintiff's overtime rights arise exclusively out of the Agreements, and the LMRA preempts Plaintiff's overtime claim.").

---

[5]  Under Section 514, the employer and the employees can establish their own overtime scheme and are not required to follow the scheme established by law.  *See Vranish v. Exxon Mobil Corp.,* 223 Cal.App.4th 103, 111 (2014) ("when there is a valid collective bargaining agreement, [e]mployees and employers are free to bargain over not only the timing of when pay begins within a particular day, but also the timing within a given week."); *see also Flowers v. Los Angeles Cty. Metro. Transportation Auth.,* 243 Cal.App.4th 66, 85 (2015) ("The MTA is only required to pay a premium for overtime worked as defined in the parties' CBA.")

Mitchell
Silberberg &
Knupp LLP

14

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

39. Section 514 applies here as the Agreements meet all statutory requirements:

- The Agreements explicitly provide for the "wages, hours of work, and working conditions of the employees." *See, e.g.*, Brennan Decl., Ex. C (Local 871 Agreement), Art. 4 ("Wage Scales, Hours of Employment and Working Conditions"), and Art. 5 ("Better Conditions"), pages 4-5 of Ex. C.

- Next, the wages provided all exceed California's minimum wage by more than 30%. *See* Brennan Decl., Ex. C. (Local 871 Agreement) (providing hourly wages of at least $36.21 as of July 29, 2018 with increases each following year), pages 19-23 of Ex. C; Cal. Labor Code § 1182.12 (setting minimum wages for employers with 26 or more employees as $15 per hour in 2022).

- Finally, the Agreements provide premium pay for overtime. *See, e.g.* Brennan Decl., Ex. C. (Local 871 Agreement), Paragraph 7 ("Overtime"), page 31 of Ex. C.

40. Accordingly, the claim is preempted because it is a claim for breach of the Agreements that meets the statutory requirements of Labor Code Section 514. *See Curtis v. Irwin Indus.*, 913 F.3d at 1153-54; *Marquez*, 804 F. App'x 679, 679-80; s*ee also Gray v. Marathon Petroleum Logistics Servs., LLC*, 2021 WL 129144, at *4 n.7 (C.D. Cal. Jan. 12, 2021) (holding overtime claim preempted under *Curtis* based on application of California Labor Code Section 514); *Travis Taylor v. NBC W., LLC*, 2020 WL 8268197, at *2 (C.D. Cal. Jan. 2, 2020) (same); *Buckner*, 2017 WL 5956678, at *2; *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1202 (C.D. Cal. 2015) (where CBA displaced state law, claim under state law was preempted); *Allis-Chalmers Corp.*, 471 U.S. at 220–21 (1985) ("We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, … or dismissed as pre-empted by federal labor-contract law.")

Mitchell
Silberberg &
Knupp LLP

15
**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

**Sixth Cause of Action for Failure to Pay Earned Wages**

41.     In his Sixth Cause of Action, Plaintiff seeks penalties, pursuant to California Labor Code Section 204, because wages allegedly were not paid timely as a result of underpayment of wages, including overtime.  *See* Complaint, ¶ 60.  Like his overtime claim, however, Plaintiff's Section 204 late payment claim arises under the Agreements, not state law, and is preempted.  *See Landy v. Pettigrew Crewing, Inc.*, 2019 WL 6245525, at *4 (C.D. Cal. Nov. 22, 2019).

42.     California Labor Code Section 204 establishes deadlines for payment of wages during employment, but "[t]he language of § 204(c) makes clear that employers need not comply with § 204's timing requirements if a collective bargaining agreement creates a different payment arrangement."  *Id.*  In *Landy*, the court reviewed a CBA that provided deadlines for payment of wages and held that the plaintiff's Section 204 claims were preempted under the reasoning of *Curtis* because the CBA supplanted state law.  *See id.*; *see also Bartlett v. All Am. Asphalt*, 2020 WL 6118818, at *7 (C.D. Cal. Oct. 16, 2020) ("Where, as here, 'a governing CBA provides for pay arrangements that differ from the statutory default and meets the requirements of a statutory exemption, that particular labor right exists solely as a result of the CBA.'") (internal citations omitted) (citing *Landy*, 2019 WL 6245525, at *4).

43.     Here, as in *Landy* and the other cases cited above, the Agreements establish their own schedule for the payment of wages.  *See* Brennan Decl., Ex. C. (Local 871 Agreement), Paragraph 2 ("Classification and Wage Schedule"), page 30 of Ex. C.  As such, Plaintiff's Section 204 claim is preempted by Section 301(a) of the LMRA.

**Eighth Cause of Action for Waiting Time Penalties**

44.     In his Eighth Cause of Action, Plaintiff seeks waiting time penalties under California Labor Code Sections 201, 202, and 203.  *See* Complaint ¶¶ 73-74.  However, as discussed above, Plaintiff's alleged entitlement to overtime and

Mitchell
Silberberg &
Knupp LLP

16

DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL

penalties arises from, and depends on interpretation of the Agreements. Accordingly, Plaintiff's Eighth Cause of Action for Waiting Time Penalties is preempted by Section 301(a) of the LMRA for the reasons noted above.

### Supplemental Jurisdiction

45.     To the extent that any cause of action in the Complaint is not preempted by the LMRA and removable, any non-preempted cause of action falls within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367. Any such non-preempted cause of action in the Complaint arises out of the same common nucleus of operative facts as the preempted causes of action and would normally be tried in one case. *See* 28 U.S.C. § 1367; *see also Bale v. General Tel. Co.*, 795 F.2d 775, 778 (9th Cir. 1986) (all claims that arose from the same alleged representations made at the time of hiring "fall within the scope of pendent jurisdiction"). Indeed, Plaintiff specifically bases all of his causes of action on Defendant's purported termination of Plaintiff's employment and preempted claims under the California Labor Code, as set forth in Plaintiff's first through ninth causes of action. *See generally* Plaintiff's Complaint. Moreover, considerations of judicial economy, convenience and fairness to the litigants require that all of the causes of action alleged in the Complaint be tried in one forum. *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims.'… The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.") (internal citations omitted).

46.     In addition, and in the alternative, even if supplemental jurisdiction did not exist, any non-preempted cause of action may properly be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(c), in that any such cause of action has been joined with claims which would have been removable if sued upon

Mitchell
Silberberg &
Knupp LLP

17

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

alone, and, therefore, the entire case may be removed on the basis of federal jurisdiction.

### Venue

47.    Removal to this Court is proper under 28 U.S.C. Section 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles and this U.S. District Court for the Central District of California Western Division is the U.S. District Court for the district and division within which this action is pending.

48.    A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles, to the above-entitled Court.

DATED: March 3, 2023                    Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP
EMMA LUEVANO
GABRIEL HEMPHILL

By:/s/ Emma Luevano
　　Emma Luevano
　　Attorneys for Defendant
　　MARVEL FILM PRODUCTIONS LLC

Mitchell
Silberberg &
Knupp LLP

18

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2023 05:14 PM David W. Slayton, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk
23STCV02111
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Bruce Iwasaki

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel:  (818) 610-8800
Fax: (818) 610-3030

NICHOAS W. SARRIS, STATE BAR NO. 242011
BROOKE C. BELLAH, STATE BAR NO. 307398

Attorneys for Plaintiff
MEL SANDVIK

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MEL SANDVIK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability company; CAST AND CREW PRODUCTION SERVICES, a California limited liability company; and DOES 1 through 25, inclusive<br><br>Defendants. | Case No.   23STCV02111<br><br>COMPLAINT FOR:<br><br>1. DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];<br>2. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;<br>3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;<br>4. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF FEHA;<br>5. RETALIATION IN VIOLATION OF FEHA;<br>6. FAILURE TO PAY EARNED WAGES;<br>7. FAILURE TO PAY OVERTIME;<br>8. WAITING TIME PENALTIES;<br>9. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>DEMAND FOR JURY TRIAL |

1

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

Plaintiff, MEL SANDVIK, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1.      At all times mentioned herein and at the time each of Plaintiff's causes of action arose, Plaintiff was an individual residing in the State of California and was employed by Defendants in the County of Los Angeles.

2.      Upon information and belief, Plaintiff alleges that Defendant, MARVEL FILM STUDIOS, LLC (hereinafter "Defendant") is a Delaware limited liability company employing five (5) or more people and doing business under the laws of the State of California.

3.      Upon information and belief, Plaintiff alleges that Defendant, CAST & CREW PRODUCTION SERVICES, LLC (hereinafter "Defendant") is a California limited liability company employing five (5) or more people and doing business under the laws of the State of California.

4.      Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve one or more amendments to this Complaint upon learning the true names and capacities of said Defendants.

5.      Upon information and belief, Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for and proximately caused the injuries and damages sustained by Plaintiff as alleged in this Complaint.

6.      Upon information and belief, Plaintiff alleges that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or more of the other Defendants named herein.  In doing the acts and/or omissions alleged herein, each of said Defendants acted with the course and scope of his or her relationship with any other Defendants and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

7.      Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant

2
COMPLAINT

shall mean all Defendants, and each of them.

**FACTUAL SUMMARY**

8.      Plaintiff commenced his employment with Defendants as a payroll associate in or around February 2022.  Throughout his employment with Defendants, Plaintiff performed his duties diligently and satisfactorily and was not exempt from the wage and hour laws of the state of California, including those related to overtime compensation.

9.      In or around August 2022, Plaintiff began to suffer from chronic kidney disease, as well as chronic issues with his colon, which caused him to suffer from chronic pain and frequent urination. These conditions constituted a disability insomuch as they impacted his ability to engage in major life activities, such as working.

10.      On or around August 22, 2022, Plaintiff's doctor placed him on a temporary medical leave for two weeks due to his disabilities. Plaintiff immediately met with his supervisors to notify them of his disabilities and need for medical leave, and to give them his doctor's note confirming the same. During the same meeting where Plaintiff notified Defendant of his request for medical leave, Defendants criticized his work performance for the first time.

11.      On or around September 6, 2022, Plaintiff returned to work without restrictions; however, his chronic kidney and colon conditions continued to worsen.

12.      After Plaintiff returned from medical leave, Defendants' attitude toward him noticeably changed. For example, his supervisors began to ignore him.

13.      In the beginning of October 2022, Plaintiff requested intermittent days off in order to attend doctor's appointments related to his disabilities. Every time Plaintiff requested time off to attend his doctor appointment, he timely informed Defendant, pursuant to their policies.

14.      On or around October 11, 2022, Defendant hired a new payroll associate to perform the same job duties as Plaintiff.

15.      On or around October 17, 2022, Plaintiff submitted a doctor's note to Defendants notifying them of restrictions related to his disability and requesting reasonable accommodations

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

3
COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

for his restrictions. Plaintiff's request for accommodations included having easy access to a restroom and/or the ability to work remotely from his home. After receiving Plaintiff's doctor's note and request for accommodations, Defendant scheduled a meeting with Plaintiff to discuss his accommodations.

16. On October 19, 2022, one day prior to his scheduled accommodation meeting, Defendant terminated Plaintiff's employment, claiming that "it wasn't a good fit."

17. Rather than engaging in the interactive process or providing reasonable accommodations, Defendants refused to provide Plaintiff with his requested accommodations, even though doing so would not have caused Defendant undue hardship. Instead, Defendants terminated Plaintiff's employment because of his disability, because he had taken a medical leave of absence, and because he had requested accommodations for his disability.

18. Despite his disability, Plaintiff could perform all of his essential job duties with reasonable accommodations, *to wit*, easy access to a bathroom while at work and/or the ability to work remotely from home.

19. Additionally, throughout Plaintiff's employment Defendants willfully misclassified Plaintiff as an exempt, salaried employee. In this regard, Plaintiff was not primarily engaged in (1) the management of a customarily recognized department or subdivision of Defendants; (2) customarily and regularly directing the work of two or more employees; (3) the performance of office or non-manual work directly related to management policies or general business operations of Defendant or Defendant's customers; (4) a learned or artistic profession; and (5) Plaintiff did not customarily and regularly exercise discretion and independent judgment in the performance of his job duties.

20. Throughout Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of 8 hours in a day. Furthermore, at least once per week Plaintiff worked more than 12 hours in a day. Due to Defendants' willful misclassification of Plaintiff, Defendants failed to pay Plaintiff for all of his hours worked, including overtime wages and double time wages.

21. To date, Defendants have failed to pay Plaintiff all of his earned wages.

22. Plaintiff exhausted his administrative remedies by filing a complaint with the

4

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

Department of Fair Employment and Housing ("DFEH") and has timely received a notice of right to sue from the DFEH.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA]**

**(Against all Defendants)**

23.     Plaintiff realleges and incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as if fully set forth herein.

24.     At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

25.     Defendants discriminated against Plaintiff on account of his disability. Defendant's discriminatory behavior included, but was not limited to, failing to engage in a good faith interactive process, failing to provide Plaintiff reasonable accommodations for his disability, and terminating Plaintiff's employment.

26.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential, and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

27.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms.  Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

5
COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

28.    In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against all Defendants)

29.    Plaintiff realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth herein.

30.    At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Plaintiff regularly employed five (5) or more persons.  California Government Code § 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

31.    Despite Plaintiff's request for reasonable accommodation and efforts to engage in the interactive process, Defendants willfully failed to take any actions to prevent discrimination from occurring.  Instead, Defendants pursued discriminatory actions against Plaintiff, including terminating Plaintiff's employment.

32.    As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

6

COMPLAINT

33.     As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

34.     As a proximate result of Defendant's conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

35.     In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

### (Against all Defendants)

36.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35, inclusive, of this Complaint as if fully set forth herein.

37.     At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.  California Government Code § 12940(n) requires employers

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

7
COMPLAINT

to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations.

38.     Defendants were aware that Plaintiff suffered from a disability. Plaintiff requested a reasonable accommodation in the form of easy access to a restroom and/or to work remotely from home; however, Defendants refused Plaintiff's request and terminated his employment.

39.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

40.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

41.     As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

42.     In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

8
COMPLAINT

Defendant and deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FEHA

### (Against all Defendants)

43.     Plaintiff realleges and incorporates by reference paragraphs 1 through 42, inclusive, of this Complaint as if fully set forth herein.

44.     At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.  California Government Code § 12940(m) requires employers to make reasonable accommodations for the known disabilities of applicants and employees unless doing so would produce undue hardship to the employer's operations.

45.     Defendants were aware that Plaintiff suffered from a disability. Plaintiff requested a reasonable accommodation in the form of easy access to a restroom and/or to work remotely from his home; however, Defendants refused Plaintiff's request and terminated his employment.

46.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

47.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

48.     As a proximate result of Defendants' conduct, Plaintiff has been forced to hire

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

9

COMPLAINT

attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

49.     In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FEHA

### (Against all Defendants)

50.     Plaintiff realleges and incorporates by reference paragraphs 1 through 49, inclusive, of this Complaint as if fully set forth herein.

51.     At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.  California Government Code § 12940 et seq. prohibits an employer from retaliating against in an employee based upon the employee's opposition to practices forbidden under the Fair Employment and Housing Act and/or requesting a reasonable accommodation.

52.     Plaintiff engaged in protected activity as described in this Complaint.  Defendants terminated Plaintiff's employment as a result of the aforementioned protected activity.

53.     As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

10
COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

54. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

55. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

56. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY EARNED WAGES
### IN VIOLATION OF CAL. LABOR CODE § 204
#### (Against all Defendants)

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56, inclusive, of this Complaint as if fully set forth herein.

11
COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

58. Labor Code § 204 states that all wages, other than those mentioned in §§ 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Furthermore, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

59. Labor Code § 218.6 states that "[i]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable…"

60. During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them, including, but not limited to, overtime wages, within any time period specified by California Labor Code section 204.

61. Plaintiff has been deprived of his rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said wages. As such, Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs, as well as the penalties provided for in California Labor Code section 210.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### IN VIOLATION OF CAL. LABOR CODE §§510, 1194, AND 1198

### (Against all Defendants)

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61, inclusive, of this Complaint as if fully set forth herein.

63. California Labor Code § 510 mandates that any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

64. California Labor Code § 510 also requires that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an

12

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

65.    Further, California Labor Code §1194 states, in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

66.    Throughout the relevant time period, Plaintiff was not exempt from the employment laws and regulations of California and were required to work more than eight hours in one day and/or more than forty hours in one week.

67.    Defendants failed and refused to pay Plaintiff the overtime compensation required by California laws and regulations.

68.    Plaintiff has been deprived of his rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs pursuant to California Labor Code sections 510, 1194 and 1198.

**EIGHTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(CAL. LABOR CODE §§ 201 THROUGH 203)**

**(Against all Defendants)**

69.    Plaintiff realleges and incorporates by reference paragraphs 1 through 68, inclusive, of this Complaint as if fully set forth herein.

70.    Labor Code § 201 requires the immediate payment of wages earned and unpaid at the time of an employee's discharge or layoff.

71.    Labor Code § 203, subdivision (a), states that if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, *inter alia*, any wages of an employee who is discharged or who quits, "the wages of the employee shall continue as a

13
COMPLAINT

penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

72. Labor Code § 203, subdivision (b), states: "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

73. During the relevant period, Defendants willfully failed to pay Plaintiff the earned and unpaid wages set forth above, including but not limited to overtime wages. These actions were in violation of California Labor Code sections 201 and 202.

74. Based on Defendants' conduct as alleged herein, Defendants are liable to Plaintiff for statutory penalties pursuant to California Labor Code § 203. Plaintiff is therefore entitled to recover from Defendants the statutory penalty wage for each day they were not paid, up to a thirty (30) day maximum, pursuant to California Labor Code § 203.

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against all Defendants)

75. Plaintiff realleges and incorporates by reference paragraphs 1 through 74, inclusive, of this Complaint as if fully set forth herein.

76. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code § 12940, *et seq*. is to prohibit employers from discriminating, harassing and retaliating against employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq.* and the laws and regulations promulgated thereunder.

77. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

14
COMPLAINT

opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

78. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

79. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For loss of earnings, according to proof;

4. For attorneys' fees, according to proof;

5. For prejudgment interest, according to proof;

6. For punitive and exemplary damages, according to proof;

7. For costs of suit incurred herein; and

8. For such other relief that the Court may deem just and proper.

///

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

15
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:      January 31, 2023          JML LAW, A Professional Law Corporation


By:  _____

NICHOLAS W. SARRIS

BROOKE C. BELLAH

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

16

COMPLAINT

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2023 05:14 PM David W. Slayton, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk
23STCV02111

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Nicholas W. Sarris; Brooke C. Bellah; 242011; 307398<br>JML LAW, A Professional Law Corporation<br>5855 Topanga Canyon Blvd., Ste. 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800    FAX NO.: (818) 610-3030<br>ATTORNEY FOR (Name): Plaintiff, Mel Sandvik | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Sandvik v Marvel Film Productions, LLC et al

| CIVIL CASE COVER SHEET<br>☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>23STCV02111 |
|---|---|---|
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action (specify): 9
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 31, 2023
Nicholas W. Sarris; Brooke C. Bellah
_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

**Page 2 of 2**

Notice of Removal
Page 38

| SHORT TITLE: Sandvik v Marvel Film Productions, LLC et al | CASE NUMBER 23STCV02111 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Sandvik v Marvel Film Productions, LLC et al | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1 2 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.3
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 2 of 4

Notice of Removal
Page 40

| SHORT TITLE: Sandvik v Marvel Film Productions, LLC et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.3
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 3 of 4

Notice of Removal
Page 41

| SHORT TITLE: Sandvik v Marvel Film Productions, LLC et al | CASE NUMBER |
| --- | --- |

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: 500 S Buena Vista Street |
| --- | --- |

| CITY: Burbank | STATE: CA | ZIP CODE: 91521 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>January 31, 2023</u>

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.   Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Notice of Removal
Page 42

# EXHIBIT 3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/31/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV02111 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Bruce G. Iwasaki | 58 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on _02/01/2023_____                                    By E. Galicia_____, Deputy Clerk
      (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Notice of Removal
Page 44

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Notice of Removal
Page 47

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
           (INSERT DATE)                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR PLAINTIFF)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR _____)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR _____)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)<br>LASC Approved 04/11<br>For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Notice of Removal
Page 50

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

Notice of Removal
Page 52

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR PLAINTIFF)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR _____)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR _____)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
      (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
      JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>)<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_ 

_Carolyn B. Kuhl_ Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 2 of 2

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL    )
   )
   )
   )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Notice of Removal
Page 62

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when technologically feasible without impairment of the document's image.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

# EXHIBIT 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Mel Sandvik

DEFENDANT:
MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability c

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

02/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Lee _____ Deputy

CASE NUMBER:
23STCV02111

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 07/06/2023 | Time: 8:30 AM | Dept.: 58 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:   02/07/2023

_____
Bruce G. Iwasaki / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Brooke Christine Bellah
5855 Topanga Canyon Blvd, Ste 300

Woodland Hills, CA 91367

David W. Slayton, Executive Officer / Clerk of Court

Dated:   02/07/2023

By R. Lee _____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

Notice of Removal
Page 68

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Mel Sandvik

DEFENDANT/RESPONDENT:
MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability company, et al.

**CERTIFICATE OF MAILING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
02/07/2023
David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Lee _____ Deputy

CASE NUMBER:
23STCV02111

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Brooke Christine Bellah
JML Law
5855 Topanga Canyon Blvd, Ste 300
Woodland Hills, CA 91367

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/7/2023

By: R. Lee _____
Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT 5

Electronically FILED by Superior Court of California, County of Los Angeles on 02/01/2023 09:26 AM David W. Slayton, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk
23STCV02111

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br><br>MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability company; Additional Parties Attachment form is attached.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br><br>MEL SANDVIK, an individual, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV02111 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas W. Sarris; Brooke C. Bellah; JML Law A Professional Law Corporation
5855 Topanga Canyon Blvd., Ste. 300, Woodland Hills, CA 91367 Tel: 818-610-8800

DATE: 02/01/2023    Clerk, by    S. Bolden    , Deputy
*(Fecha)*    David W. Slayton, Executive Officer/Clerk of Court    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Sandvik v Marvel Film Productions, LLC et al | 23STCV02111 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

| ☐ Plaintiff | ☒ Defendant | ☐ Cross-Complainant | ☐ Cross-Defendant |
|---|---|---|---|

CAST AND CREW PRODUCTION SERVICES, a California limited liability company; and DOES 1 through 25, inclusive

Page _____ of _____

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007] | **ADDITIONAL PARTIES ATTACHMENT**<br>**Attachment to Summons** |
|---|---|

Notice of Removal
Page 72

# EXHIBIT 6

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

Mel Sandvik

DEFENDANT(S):

MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability com|

**ORDER TO SHOW CAUSE HEARING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

02/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Lee _____ Deputy

CASE NUMBER:

23STCV02111

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on 07/06/2023 at 8:30 AM in department 58 of this court, Stanley Mosk Courthouse_____,
and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: 02/07/2023

_____
Bruce G. Iwasaki / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

Notice of Removal

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/07/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ R. Lee _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Mel Sandvik | |
| DEFENDANT/RESPONDENT:<br>MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability company, et al. | |

| CERTIFICATE OF MAILING | CASE NUMBER:<br>23STCV02111 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Failure to File Proof of Service upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Brooke Christine Bellah
JML Law
5855 Topanga Canyon Blvd, Ste 300
Woodland Hills, CA 91367

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/7/2023

By: R. Lee _____
Deputy Clerk

CERTIFICATE OF MAILING

Notice of Removal
Page 75

# EXHIBIT 7

Dept 58    **CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 307398 | FOR COURT USE ONLY |
|---|---|---|

NAME: Brooke C. Bellah, Esq.
FIRM NAME: JML LAW, A Professional Law Corporation
STREET ADDRESS: 5855 Topanga Canyon Blvd., Ste. 300
CITY: Woodland Hills    STATE: CA    ZIP CODE: 91367
TELEPHONE NO.: 818-610-8800    FAX NO. : 818-610-3030
E-MAIL ADDRESS: brooke@jmllaw.com
ATTORNEY FOR (Name): Plaintiff, Mel Sandvik

**FILED**
Superior Court of California
County of Los Angeles
**02/28/2023**
David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Lee _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Mel Sandvik

Defendant/Respondent: Marvel Film Productions, LLC et al

| REQUEST FOR DISMISSAL | CASE NUMBER: 23STCV02111 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):    on (date):
      (4) ☐ Cross-complaint filed by (name):    on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* Defendant CAST AND CREW PRODUCTION SERVICES only

2. (Complete in all cases except family law cases.)
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

   Date: February 28, 2023
   Brooke C. Bellah
   (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

   ▶ _____ (SIGNATURE)

   *If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

   Attorney or party without attorney for:
   ☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
   ☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

   Date: February 28, 2023
   Brooke C. Bellah
   (TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

   ▶ _____ (SIGNATURE)

   ** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

   Attorney or party without attorney for:
   ☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
   ☐ Cross Complainant

(To be completed by clerk)

4. ☒ Dismissal entered as requested on (date): 03/01/2023
5. ☐ Dismissal entered on (date):    as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy

David W. Slayton, Executive Officer / Clerk of Court

Date: 03/01/2023    Clerk, by _____ R. Lee _____ , Deputy    **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Notice of Removal
Page 77

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: Mel Sandvik<br>Defendant/Respondent: Marvel Film Productions, LLC et al | CASE NUMBER:<br>23STCV02111 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

**Declaration Concerning Waived Court Fees**

1.   The court waived court fees and costs in this action for *(name):*

2.   The person named in item 1 is *(check one below):*

  a.   ☐   not recovering anything of value by this action.

  b.   ☐   recovering less than $10,000 in value by this action.

  c.   ☐   recovering $10,000 or more in value by this action.   *(If item 2c is checked, item 3 must be completed.)*

3.   ☐   All court fees and court costs that were waived in this action have been paid to the court   *(check one):*      Yes        No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____                    _____
(TYPE OR PRINT NAME OF   ☐   ATTORNEY   ☐   PARTY MAKING DECLARATION)              (SIGNATURE)

---

CIV-110 [Rev. January 1, 2013]                    **REQUEST FOR DISMISSAL**                    **Page 2 of 2**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is, 5855 Topanga Canyon Blvd., Suite 300, Woodland Hills, CA 91367

On Tuesday, February 28, 2023, I served the foregoing document described as **REQUEST FOR DISMISSAL** on the interested parties in this action, addressed as follows:

Emma Luevano
Mitchell Silberberg & Knupp LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067
Email Address: eyl@msk.com

☒ **BY ELECTRONIC SERVICE.**  The document listed above was served electronically.
I am readily familiar with the firm's practice for filing electronically.  Under that practice, the above listed document would be electronically served to the email address(es) of the above addressee(s), on the date listed below, in the ordinary course of business following ordinary business practices, including that the above listed document would be electronically transmitted by email as an attachment and/or electronically transmitted through an electronic filing service provider (e.g., All-N-One Legal, One Legal, Case Anywhere, etc.) or through a file sharing service provider (e.g., Firefox Send, Dropbox, etc.).
My email address is abussey@jmllaw.com

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on Tuesday, February 28, 2023 at Woodland Hills, California.

   /s/ Antonea Bussey
 
Antonea Bussey

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

# EXHIBIT 8

Electronically FILED by Superior Court of California, County of Los Angeles on 03/02/2023 11:07 AM David W. Slayton, Executive Officer/Clerk of Court, by A. Lopez,Deputy Clerk

MITCHELL SILBERBERG & KNUPP LLP
EMMA LUEVANO (SBN 198421), eyl@msk.com
GABRIEL HEMPHILL (SBN 338222), gch@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
MARVEL FILM PRODUCTIONS LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

STANLEY MOSK COURTHOUSE

| | |
|---|---|
| MEL SANDVIK, an individual,<br><br>      Plaintiff,<br><br>     v.<br><br>MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability company; CAST AND CREW PRODUCTION SERVICES, a California limited liability company and DOES 1 through 25, inclusive,<br><br>      Defendants. | CASE NO. 23STCV02111<br><br>Judge:    Hon. Bruce G. Iwasaki<br>Dept:    58<br><br>**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:   January 31, 2023<br>Trial:    Not Set |

Mitchell
Silberberg &
Knupp LLP

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Defendant Marvel Film Productions LLC ("Defendant"), by and through its counsel, hereby answers the unverified Complaint filed by Plaintiff Mel Sandvik ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant denies, both generally and specifically, each and every allegation in the Complaint, and specifically denies that Plaintiff has been, is, or will be damaged in any manner or sum whatsoever, or entitled to any recovery or remedy of any type whatsoever, by reason of Defendant's acts, conduct, or omissions.

### SEPARATE AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof or admitting that any of the following are in fact defenses upon which Defendant has any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. Each purported cause of action in the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. To the extent any of the conduct alleged in the Complaint occurred prior to the limitations period, the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the applicable statutes of limitations, including without limitation, California Labor Code Section 203, the one-year limitations period contained in California Code of Civil Procedure ("CCP") Sections 340(a) and (b), the two-year limitations period contained in CCP Section 339(1), the two-year limitations period applicable to claims for intentional torts contained in CCP Section 335.1, the three-year limitations period contained in CCP Section 338(a), the four-year limitations period contained in CCP Section 337(1), the four-year "catch all" statute of limitations contained in CCP Section 343, the one and three year statute of limitations under the

Mitchell
Silberberg &
Knupp LLP

2

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

California Fair Employment and Housing Act set forth in California Government Code Section 12960, *et seq.*, and any other applicable limitations period contained in the applicable collective bargaining agreement, including but not limited to the six-month statute of limitations under Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185(a).

### THIRD AFFIRMATIVE DEFENSE

### (Practice Required by Collective Bargaining Agreement)

3.      Plaintiff's Complaint, and each cause of action therein, are barred, in whole or in part, as the alleged discriminatory practice is the result of Plaintiff's employer performance of its obligations under the Collective Bargaining Agreement ("CBA") governing his employment.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust under Collective Bargaining Agreement)

4.      Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, because Plaintiff was required to exhaust contractual remedies by submitting all such claims to the grievance and arbitration procedures set forth in the CBA governing Plaintiff's employment, and Plaintiff failed to do so in a timely manner.

### FIFTH AFFIRMATIVE DEFENSE

### (LMRA Preemption)

5.      Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, because it is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) *et seq.*, and barred by the applicable statute of limitations as set forth in *Del Costello v. Int'l Brotherhood of Teamsters* (1983) 462 U.S. 151, 169.

### SIXTH AFFIRMATIVE DEFENSE

### (Collective Bargaining Agreement Preemption)

6.      Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) and California Labor Code Sections 204 and 514, because they are based directly on rights created by a collective bargaining agreement or require the interpretation of a collective bargaining agreement.

Mitchell
Silberberg &
Knupp LLP

3

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory and Non-Retaliatory Reasons)

7.   At all times material herein, there were legitimate, non-discriminatory and non-retaliatory business reasons for any actions taken by Defendant with respect to Plaintiff and/or his employment.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

8.   Plaintiff's claims are barred and/or his damages must be reduced, in whole or in part, by any after-acquired evidence of his misconduct.

## NINTH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodation Request)

9.   Plaintiff's claims are barred, in whole or in part, because Plaintiff never requested any reasonable accommodation.

## TENTH AFFIRMATIVE DEFENSE

### (Unreasonable Request/ Undue Hardship)

10.   To the extent Plaintiff claims that he requested an accommodation, such request was unreasonable and would have produced an undue hardship on Defendant's operations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Engage in Interactive Process)

11.   Plaintiff has waived or, alternatively, cannot state nor assert any cause of action for any alleged disability discrimination because of his failure to cooperate or engage in an interactive process with Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodation Granted)

12.   Without admitting that any request for a reasonable accommodation was made, Defendant alleges that Defendant granted every request for reasonable accommodation that Plaintiff actually made.

Mitchell
Silberberg &
Knupp LLP

4

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Certification from Health-Care Provider)**

13.    Plaintiff's claims are barred, in whole or in part, because he failed to provide Defendant with a health-care provider's certification for his alleged need for leave under the California Family Rights Act and/or for his alleged need for reasonable accommodation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with Employer's Directions and/or Plaintiff's Obligations)**

14.    Plaintiff's Complaint and each cause of action therein is barred, in whole or in part, because Plaintiff failed to comply substantially with all of Defendant's directions and/or with his obligations to Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

15.    Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the equitable doctrine of laches to the extent Plaintiff has inexcusably and unreasonably delayed filing or prosecuting this action causing substantial prejudice to Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

16.    Plaintiff has waived the right, by reason of his conduct and actions, to assert the claims alleged in his Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

17.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is estopped by his own conduct to claim any right to damages or other relief from Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

18.    By virtue of his conduct and actions, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Mitchell
Silberberg &
Knupp LLP

5

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

19.     By virtue of his conduct and actions, Plaintiff's claims are barred, in whole or in part, by the doctrine of express consent, implied consent, and/or ratification.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Same Decision)**

20.     Even if Plaintiff's alleged protected conduct or status were a motivating factor in any decision by Defendant regarding Plaintiff's employment, which Defendant denies, Plaintiff is not entitled to any damages because Defendant would have made the same employment decision(s) even if Plaintiff's alleged protected conduct or status had not played a role in its decision(s).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

21.     Plaintiff's claims are barred and/or his damages must be reduced, in whole or in part, by any after-acquired evidence of his misconduct.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

22.     Plaintiff's claims are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Privileged Conduct)**

23.     Plaintiff's claims are barred, in whole or in part, because Defendant exercised its right to engage in lawful, permissible conduct in pursuit of its economic interests and is therefore not responsible for any harm caused to Plaintiff by that conduct.

Mitchell
Silberberg &
Knupp LLP

6

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

24.    Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith, with respect to legitimate business interests, and/or in the exercise of managerial discretion.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Economic Damages)**

25.    Plaintiff has failed to make reasonable efforts to mitigate the alleged damages Plaintiff claims to have suffered.  Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of Plaintiff's economic damages, and (b) any additional mitigation of Plaintiff's economic damages which with reasonable diligence Plaintiff could have accomplished.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Non-Economic Damages)**

26.    Plaintiff has failed to make reasonable efforts to mitigate the alleged non-economic damages Plaintiff claims to have suffered.  Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of Plaintiff's non-economic damages, and (b) any additional mitigation of Plaintiff's non-economic damages which with reasonable diligence Plaintiff could have accomplished.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive Damages)**

27.    Plaintiff has failed to allege facts to support his prayer for punitive or exemplary damages against Defendant under California Civil Code Section 3294.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

28.    Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint (including, but not limited to, any waiting time penalties under California Labor Code Section 203) on the grounds that any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts of

Mitchell
Silberberg &
Knupp LLP

7

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

this specific action, would violate Defendant's rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Workers' Compensation Exclusive Remedy)**

29.    Plaintiff's claims are preempted and barred, in whole or in part, by the exclusivity provisions of California Labor Code Section 3600, *et seq*.

## THIRTIETH AFFIRMATIVE DEFENSE

**(Workers' Compensation Setoff)**

30.    Even if the California workers' compensation laws do not provide the exclusive remedy for damages, to the extent that Plaintiff alleges he sustained injuries as the result of his employment relationship with Defendant, any such civil damages must be offset by any award or settlement received under the workers' compensation laws.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Comparative Fault)**

31.    Plaintiff's alleged damages, injuries, and/or losses, if any, were proximately caused and contributed to by Plaintiff's negligence or the negligence of Plaintiff's agents, and, by reason thereof, any recovery by Plaintiff against Defendant must be reduced by an amount equal to the proportionate fault of Plaintiff or Plaintiff's agents pursuant to applicable law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Apportionment of Responsibility)**

32.    The alleged damages, injuries, and/or losses suffered by Plaintiff, if any, proximately resulted from the negligence or conduct of parties, persons, and/or entities other than Defendant, and the liability of Defendant, if any, is as a result altogether barred or limited in direct proportion to the percentage of fault or responsibility actually attributable to Defendant.

Mitchell
Silberberg &
Knupp LLP

8

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Intervening Superseding Cause)**

33.     Plaintiff's claims are barred, in whole or in part, because the alleged damages, injuries, and/or losses suffered by Plaintiff, if any, were proximately caused by or contributed to by new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant, and any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims to have suffered.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Offset/Setoff)**

34.     If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to offset or setoff against any such recovery any and all amounts owed to Defendant by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendant by Plaintiff's actions or inaction, and any amounts received by Plaintiff as income or payments from other sources, including but not limited to any amounts received under federal or state disability benefits laws or insurance programs, or by any other payments received by Plaintiff.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(ERISA)**

35.     Plaintiff is not entitled to recover any compensatory or other monetary damages for any alleged benefits as prayed for, including medical or retirement benefits, because the exclusive remedy for such alleged damages is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001, *et seq.*

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to take Advantage of Preventive or Corrective Opportunities)**

36.     Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities to avoid the alleged harm, if any.

Mitchell Silberberg & Knupp LLP

9

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

37.    Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant.  Accordingly, Defendant is entitled to recover its attorneys' fees and other appropriate costs and expenses.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Compliance with Legal Obligations)

38.    Defendant complied, or sought in good faith to comply, with all obligations under the law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

39.    The Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies or to comply with statutory prerequisites, including but not limited to, those remedies before the Civil Rights Department (formerly, the Department of Fair Employment and Housing), pursuant to California Government Code Section 12900, *et seq*., as well as before the California Labor Code.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Jurisdiction)

40.    To the extent Plaintiff makes allegations or claims which were not made the subject of a timely complaint or petition against Defendant filed by or on behalf of Plaintiff with the California Civil Rights Department or other applicable government agencies, the Court lacks jurisdiction with respect to any such allegations or claims.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (*De Minimis* – Unpaid Wages)

41.    Defendant is informed and believes, and on that basis alleges that, even if Plaintiff was not paid for all work performed (which Defendant specifically denies), such work is not compensable pursuant to the *de minimis* doctrine.

Mitchell Silberberg & Knupp LLP

10

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith/Lack of Willfulness)

42.   Plaintiff is not entitled to any penalty or liquidated damages award, including, but not limited to any penalties or liquidated damages under California Labor Code Section 203, the Industrial Welfare Commission Wage Orders, and/or penalties alleged in the Complaint, because, at all relevant times, Defendant acted in good faith, had reasonable grounds for believing that it did not violate relevant laws or the provisions specified in the Complaint, and/or Defendant did not act willfully.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

43.   Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

(1)   That Plaintiff take nothing by reason of the Complaint;

(2)   That Plaintiff's Complaint be dismissed, with prejudice, in favor of Defendant;

(3)   That Defendant be awarded its costs of suit incurred herein;

(4)   That Defendant be awarded its attorneys' fees incurred herein; and

(5)   That the Court order such other and further relief in favor of Defendant as the Court deems just and proper.

DATED:  March 2, 2023          Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP
EMMA LUEVANO
GABRIEL HEMPHILL

By:/s/ Emma Luevano
    Emma Luevano
    Attorneys for Defendant
    MARVEL FILM PRODUCTIONS LLC

Mitchell Silberberg & Knupp LLP

11

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA  90067-3120, and my business email address is dpd@msk.com.

On March 2, 2023, I served a copy of the foregoing document(s) described as **DEFENDANT MARVEL FILM PRODUCTIONS LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

JML LAW, APC
Nicholas W. Sarris, Esq.
Brooke C. Bellah, Esq.
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, California 91367-4620
Tel: (818) 610-8800
Fax: (818) 610-3030
*Attorneys for Plaintiff MEL SANDVIK*

*nsarris@jmllaw.com; brooke@jmllaw.com*

☑ **BY PLACING FOR COLLECTION AND MAILING**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120 in the ordinary course of business.

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 2, 2023, at Los Angeles, California.

_____
Diane P. Davis

Mitchell Silberberg & Knupp LLP

12

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is dpd@msk.com.

On March 3, 2023, I served a copy of the foregoing document(s) described as **DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL** on the interested parties in this action at their last known address as set forth below by taking the action described below:

> JML LAW, APC
> Nicholas W. Sarris, Esq.
> Brooke C. Bellah, Esq.
> 5855 Topanga Canyon Blvd., Suite 300
> Woodland Hills, California 91367-4620
> Tel: (818) 610-8800
> Fax: (818) 610-3030
>
> ***Attorneys for Plaintiff MEL SANDVIK***
>
> *nsarris@jmllaw.com; brooke@jmllaw.com*

☑ **BY MAIL**: I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 3, 2023, at Los Angeles, California.

_____
Diane P. Davis

Mitchell
Silberberg &
Knupp LLP

93

**DEFENDANT MARVEL FILM PRODUCTIONS LLC'S NOTICE OF REMOVAL**