# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 01/31/2023 05:14 PM David W. Slayton, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk
Case 2:23-cv-01623-SVW-JC   Document 1-1   Filed 03/03/23   Page 2 of 17   Page ID #:101
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Bruce Iwasaki

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

NICHOAS W. SARRIS, STATE BAR NO. 242011
BROOKE C. BELLAH, STATE BAR NO. 307398

Attorneys for Plaintiff
MEL SANDVIK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MEL SANDVIK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MARVEL FILM PRODUCTIONS, LLC, a Delaware limited liability company; CAST AND CREW PRODUCTION SERVICES, a California limited liability company; and DOES 1 through 25, inclusive<br><br>Defendants. | Case No.  23STCV02111<br><br>COMPLAINT FOR:<br><br>1. DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];<br>2. FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;<br>3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;<br>4. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF FEHA;<br>5. RETALIATION IN VIOLATION OF FEHA;<br>6. FAILURE TO PAY EARNED WAGES;<br>7. FAILURE TO PAY OVERTIME;<br>8. WAITING TIME PENALTIES;<br>9. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>DEMAND FOR JURY TRIAL |

1
COMPLAINT

Plaintiff, MEL SANDVIK, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. At all times mentioned herein and at the time each of Plaintiff's causes of action arose, Plaintiff was an individual residing in the State of California and was employed by Defendants in the County of Los Angeles.

2. Upon information and belief, Plaintiff alleges that Defendant, MARVEL FILM STUDIOS, LLC (hereinafter "Defendant") is a Delaware limited liability company employing five (5) or more people and doing business under the laws of the State of California.

3. Upon information and belief, Plaintiff alleges that Defendant, CAST & CREW PRODUCTION SERVICES, LLC (hereinafter "Defendant") is a California limited liability company employing five (5) or more people and doing business under the laws of the State of California.

4. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve one or more amendments to this Complaint upon learning the true names and capacities of said Defendants.

5. Upon information and belief, Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for and proximately caused the injuries and damages sustained by Plaintiff as alleged in this Complaint.

6. Upon information and belief, Plaintiff alleges that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or more of the other Defendants named herein.  In doing the acts and/or omissions alleged herein, each of said Defendants acted with the course and scope of his or her relationship with any other Defendants and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

7. Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant

shall mean all Defendants, and each of them.

## FACTUAL SUMMARY

8. Plaintiff commenced his employment with Defendants as a payroll associate in or around February 2022. Throughout his employment with Defendants, Plaintiff performed his duties diligently and satisfactorily and was not exempt from the wage and hour laws of the state of California, including those related to overtime compensation.

9. In or around August 2022, Plaintiff began to suffer from chronic kidney disease, as well as chronic issues with his colon, which caused him to suffer from chronic pain and frequent urination. These conditions constituted a disability insomuch as they impacted his ability to engage in major life activities, such as working.

10. On or around August 22, 2022, Plaintiff's doctor placed him on a temporary medical leave for two weeks due to his disabilities. Plaintiff immediately met with his supervisors to notify them of his disabilities and need for medical leave, and to give them his doctor's note confirming the same. During the same meeting where Plaintiff notified Defendant of his request for medical leave, Defendants criticized his work performance for the first time.

11. On or around September 6, 2022, Plaintiff returned to work without restrictions; however, his chronic kidney and colon conditions continued to worsen.

12. After Plaintiff returned from medical leave, Defendants' attitude toward him noticeably changed. For example, his supervisors began to ignore him.

13. In the beginning of October 2022, Plaintiff requested intermittent days off in order to attend doctor's appointments related to his disabilities. Every time Plaintiff requested time off to attend his doctor appointment, he timely informed Defendant, pursuant to their policies.

14. On or around October 11, 2022, Defendant hired a new payroll associate to perform the same job duties as Plaintiff.

15. On or around October 17, 2022, Plaintiff submitted a doctor's note to Defendants notifying them of restrictions related to his disability and requesting reasonable accommodations

for his restrictions. Plaintiff's request for accommodations included having easy access to a restroom and/or the ability to work remotely from his home. After receiving Plaintiff's doctor's note and request for accommodations, Defendant scheduled a meeting with Plaintiff to discuss his accommodations.

16. On October 19, 2022, one day prior to his scheduled accommodation meeting, Defendant terminated Plaintiff's employment, claiming that "it wasn't a good fit."

17. Rather than engaging in the interactive process or providing reasonable accommodations, Defendants refused to provide Plaintiff with his requested accommodations, even though doing so would not have caused Defendant undue hardship. Instead, Defendants terminated Plaintiff's employment because of his disability, because he had taken a medical leave of absence, and because he had requested accommodations for his disability.

18. Despite his disability, Plaintiff could perform all of his essential job duties with reasonable accommodations, *to wit*, easy access to a bathroom while at work and/or the ability to work remotely from home.

19. Additionally, throughout Plaintiff's employment Defendants willfully misclassified Plaintiff as an exempt, salaried employee. In this regard, Plaintiff was not primarily engaged in (1) the management of a customarily recognized department or subdivision of Defendants; (2) customarily and regularly directing the work of two or more employees; (3) the performance of office or non-manual work directly related to management policies or general business operations of Defendant or Defendant's customers; (4) a learned or artistic profession; and (5) Plaintiff did not customarily and regularly exercise discretion and independent judgment in the performance of his job duties.

20. Throughout Plaintiff's employment with Defendants, Plaintiff routinely worked in excess of 8 hours in a day. Furthermore, at least once per week Plaintiff worked more than 12 hours in a day. Due to Defendants' willful misclassification of Plaintiff, Defendants failed to pay Plaintiff for all of his hours worked, including overtime wages and double time wages.

21. To date, Defendants have failed to pay Plaintiff all of his earned wages.

22. Plaintiff exhausted his administrative remedies by filing a complaint with the

Department of Fair Employment and Housing ("DFEH") and has timely received a notice of right to sue from the DFEH.

# FIRST CAUSE OF ACTION

# DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA]

# (Against all Defendants)

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as if fully set forth herein.

24. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

25. Defendants discriminated against Plaintiff on account of his disability. Defendant's discriminatory behavior included, but was not limited to, failing to engage in a good faith interactive process, failing to provide Plaintiff reasonable accommodations for his disability, and terminating Plaintiff's employment.

26. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential, and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

27. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

28. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA

**(Against all Defendants)**

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth herein.

30. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Plaintiff regularly employed five (5) or more persons. California Government Code § 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

31. Despite Plaintiff's request for reasonable accommodation and efforts to engage in the interactive process, Defendants willfully failed to take any actions to prevent discrimination from occurring. Instead, Defendants pursued discriminatory actions against Plaintiff, including terminating Plaintiff's employment.

32. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

33. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

34. As a proximate result of Defendant's conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

35. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA

**(Against all Defendants)**

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35, inclusive, of this Complaint as if fully set forth herein.

37. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. California Government Code § 12940(n) requires employers

to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations.

38. Defendants were aware that Plaintiff suffered from a disability. Plaintiff requested a reasonable accommodation in the form of easy access to a restroom and/or to work remotely from home; however, Defendants refused Plaintiff's request and terminated his employment.

39. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

40. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

41. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

42. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each

Defendant and deter others from engaging in such conduct.

# FOURTH CAUSE OF ACTION

# FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FEHA

# (Against all Defendants)

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42, inclusive, of this Complaint as if fully set forth herein.

44. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. California Government Code § 12940(m) requires employers to make reasonable accommodations for the known disabilities of applicants and employees unless doing so would produce undue hardship to the employer's operations.

45. Defendants were aware that Plaintiff suffered from a disability. Plaintiff requested a reasonable accommodation in the form of easy access to a restroom and/or to work remotely from his home; however, Defendants refused Plaintiff's request and terminated his employment.

46. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

47. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

48. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire

attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

49. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FEHA

### (Against all Defendants)

50. Plaintiff realleges and incorporates by reference paragraphs 1 through 49, inclusive, of this Complaint as if fully set forth herein.

51. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. California Government Code § 12940 et seq. prohibits an employer from retaliating against in an employee based upon the employee's opposition to practices forbidden under the Fair Employment and Housing Act and/or requesting a reasonable accommodation.

52. Plaintiff engaged in protected activity as described in this Complaint. Defendants terminated Plaintiff's employment as a result of the aforementioned protected activity.

53. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's

field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

54. As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

55. As a proximate result of Defendants' conduct, Plaintiff has been forced to hire attorneys to prosecute the claims asserted herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs pursuant to California Government Code § 12965.

56. In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION
## FAILURE TO PAY EARNED WAGES
## IN VIOLATION OF CAL. LABOR CODE § 204
### (Against all Defendants)

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56, inclusive, of this Complaint as if fully set forth herein.

58. Labor Code § 204 states that all wages, other than those mentioned in §§ 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Furthermore, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

59. Labor Code § 218.6 states that "[i]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable…"

60. During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them, including, but not limited to, overtime wages, within any time period specified by California Labor Code section 204.

61. Plaintiff has been deprived of his rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said wages. As such, Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs, as well as the penalties provided for in California Labor Code section 210.

## SEVENTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF CAL. LABOR CODE §§510, 1194, AND 1198
### (Against all Defendants)

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61, inclusive, of this Complaint as if fully set forth herein.

63. California Labor Code § 510 mandates that any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

64. California Labor Code § 510 also requires that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an

employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

65. Further, California Labor Code §1194 states, in pertinent part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

66. Throughout the relevant time period, Plaintiff was not exempt from the employment laws and regulations of California and were required to work more than eight hours in one day and/or more than forty hours in one week.

67. Defendants failed and refused to pay Plaintiff the overtime compensation required by California laws and regulations.

68. Plaintiff has been deprived of his rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs pursuant to California Labor Code sections 510, 1194 and 1198.

**EIGHTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(CAL. LABOR CODE §§ 201 THROUGH 203)**

**(Against all Defendants)**

69. Plaintiff realleges and incorporates by reference paragraphs 1 through 68, inclusive, of this Complaint as if fully set forth herein.

70. Labor Code § 201 requires the immediate payment of wages earned and unpaid at the time of an employee's discharge or layoff.

71. Labor Code § 203, subdivision (a), states that if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, *inter alia*, any wages of an employee who is discharged or who quits, "the wages of the employee shall continue as a

penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

72. Labor Code § 203, subdivision (b), states: "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

73. During the relevant period, Defendants willfully failed to pay Plaintiff the earned and unpaid wages set forth above, including but not limited to overtime wages. These actions were in violation of California Labor Code sections 201 and 202.

74. Based on Defendants' conduct as alleged herein, Defendants are liable to Plaintiff for statutory penalties pursuant to California Labor Code § 203. Plaintiff is therefore entitled to recover from Defendants the statutory penalty wage for each day they were not paid, up to a thirty (30) day maximum, pursuant to California Labor Code § 203.

### NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against all Defendants)**

75. Plaintiff realleges and incorporates by reference paragraphs 1 through 74, inclusive, of this Complaint as if fully set forth herein.

76. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code § 12940, *et seq*. is to prohibit employers from discriminating, harassing and retaliating against employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq.* and the laws and regulations promulgated thereunder.

77. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related

opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

78.　　As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

79.　　In committing the acts alleged herein, Defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of Defendants.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this Complaint.  As such, Plaintiff should be awarded exemplary and punitive damages against each Defendant in an amount that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.　　For general damages, according to proof;
2.　　For special damages, according to proof;
3.　　For loss of earnings, according to proof;
4.　　For attorneys' fees, according to proof;
5.　　For prejudgment interest, according to proof;
6.　　For punitive and exemplary damages, according to proof;
7.　　For costs of suit incurred herein; and
8.　　For such other relief that the Court may deem just and proper.

///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: January 31, 2023    JML LAW, A Professional Law Corporation


By: _____
NICHOLAS W. SARRIS
BROOKE C. BELLAH
Attorneys for Plaintiff